■ GUY BEAUBRIAND, Appellant, v. DOCK & COAL CO., INC., Respondent.— Plaintiff appeals from a judgment of dismissal in a negligence action, entered after trial in Supreme Court, Clinton County. The case was submitted to the jury which returned a verdict of $2,900 in favor of the plaintiff. The Trial Justice set aside the verdict and dismissed the complaint. Plaintiff rented from the defendant some dock space on the shore of Lake Champlain at the foot of Bridge Street in the city of Plattsburgh, for the purpose of mooring his outboard motor boat. His boat was located at one of the small docks off the cat-walk of the basin that ran north and south from the police boat station. Defendant had installed cleated planks at the north end of the docks as a means of access thereto. Plaintiff testified that from time to time he rented the dock space and until the day of the accident he had always used the crossing of cleated planks which the defendant had provided. However, on the day of the accident, he attempted to cross from a rocky bank to the dock on a pine board, about eight inches wide and four or five feet long, which was not attached at either end. There is no evidence as to how or when this small plank came to be placed there, but plaintiff testified that when he was at the dock three weeks before the accident the smaller plank was not there. In order to reach the smaller plank plaintiff had to climb down along what appears to be a faint path in the embankment, and he was carrying at the time an outboard motor, three or four feet in length, which weighed approximately 85 pounds. As he was carrying the motor cradled in his arms he could not see over it to determine where he was placing his feet. He testified that as he approached the dock space in this manner he was suddenly stopped and fell when his heel became hooked by a cable. We fail to find any proof of negligence on the part of defendant. The defendant had provided a perfectly safe passage which the plaintiff chose to ignore, apparently for the sake of convenience. The photograph which the plaintiff introduced in evidence rather clearly indicates that even one who was not encumbered by an 85-pound motor would have to proceed with considerable care if he wanted to avoid a fall. The dangerous condition of the so-called path down the embankment was open and obvious. Plaintiff should be held to have accepted the risk. To say that the so-called path was an invitation to the plaintiff to use the same is not justified by the evidence and would constitute a suggestion to the jury that it could ignore the most elemental principles of caution which the plaintiff was bound to exercise. Judgment affirmed, without costs. Foster, P. J., and Coon, J., concur. Gibson, J., concurs in the result on the sole ground that in this unusual situation of danger in an aggravated degree, the trial court properly held the plaintiff guilty of contributory negligence, as a matter of law, in unnecessarily proceeding down a precipitous slope, over a profusion of loose rocks and pieces of timbers, not only impeded by the burden of the heavy motor but, in effect, blinded to the extent that he could not see his footing. Bergan and Halpern, JJ., dissent. In our opinion, there were fair questions of fact which required the submission of the case to the jury, both on the issues of negligence and contributory negligence. We

do not object to the setting aside of the verdict, insofar as it rested upon a holding by the Trial Judge that the verdict was against the weight of the evidence, but we believe that it was error to dismiss the complaint.